NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 20 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LONGINA PEREZ MONROY; DAVID MONROY, individually and as successors in interest to the deceased, Jeffrey Alexander Monroy,<br><br>   Plaintiffs-Appellees,<br><br> v.<br><br>RUBEN PEREZ, Corporal, in his individual capacity,<br><br>   Defendant-Appellant,<br><br> and<br><br>COUNTY OF RIVERSIDE, a municipal entity; CHAD BIANCO, Sheriff, in his individual capacity and official capacities,<br><br>   Defendants. | No. 23-55793<br><br>D.C. No.<br>5:21-cv-01278-MEMF-KK<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Argued and Submitted November 18, 2024
Pasadena, California

Before: RAWLINSON, CHRISTEN, and JOHNSTONE, Circuit Judges.

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Longina Perez Monroy and David Monroy, ("Plaintiffs") individually and as successors in interest to Jeffrey Alexander Monroy ("Monroy") brought this action under the Fourth and Fourteenth Amendments of the United States Constitution against County of Riverside, Sheriff Chad Bianco, and Corporal Ruben Perez ("Perez," and collectively, "Defendants"). In this timely appeal, Defendants challenge the district court's denial of summary judgment based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291, and reviewing de novo the district court's order, *Ames v. King County*, 846 F.3d 340, 347 (9th Cir. 2017), we affirm in part and reverse in part.

An officer may be denied summary judgment on the basis of qualified immunity only if:

> (1) the [evidence], taken in the light most favorable to the party asserting injury, show[s] that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood her conduct to be unlawful in that situation.

*Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

1.      Our case law clearly establishes that it is a violation of the Fourth Amendment to use deadly force against a suspect who no longer poses an immediate threat. *See Zion v. County of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017). And our case law clearly establishes that it is unreasonable to use deadly force against suspects fleeing from the police unless they pose an immediate threat.

2

*See Harris v. Roderick,* 126 F.3d 1189, 1201 (9th Cir. 1997) ("Certain principles are clearly established . . . . Law enforcement officers may not shoot to kill unless, at a minimum, the suspect presents an immediate threat to the officer or others, or is fleeing and his escape will result in a serious threat of injury to persons." (citing *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991))); *Tennessee v. Garner,* 471 U.S. 1, 11 (1985).[1]

Here, there is a genuine dispute of material fact as to whether a reasonable officer would have perceived Monroy as running toward him or attempting to flee while Perez fired a volley of nine shots. And there is a genuine dispute as to whether a reasonable officer would have perceived Monroy as continuing to pose an immediate threat after his initial attack of Officer Perez ended. Perez argues that this case is distinguishable from *Zion* and *Garner*, because at the time of the shooting Perez was worried that he might pass out as a result of Monroy's attack. But whether Perez subjectively believed he might faint requires a credibility determination, and there is other evidence in the record from which a jury could find this statement was insincere. This dispute of fact prevents us from determining

---

[1] While the "general rules set forth in '*Garner* and *Graham* do not by themselves create clearly established law outside an "obvious case,"'" here, *Garner* is not cited for its general rule. *Kisela v. Hughes*, 584 U.S. 100, 105 (2018) (quoting *White v. Pauly*, 580 U.S. 73, 80 (2017)). Rather, *Garner* is cited for the factually specific rule that officers may not reasonably use deadly force against a fleeing suspect who poses no imminent threat.

whether Officer Perez violated Monroy's clearly established Fourth Amendment rights, because it informs whether a reasonable officer would have perceived Monroy as posing an imminent threat. At summary judgment, Perez is not entitled to qualified immunity on the Fourth Amendment claim.

2. Our case law clearly establishes that an officer violates the Fourteenth Amendment if "he kills a suspect when acting with the purpose to harm, unrelated to a legitimate law enforcement objective." *Foster v. City of Indio*, 908 F.3d 1204, 1211 (9th Cir. 2018) (quoting *A.D. v. Cal. Highway Patrol*, 712 F.3d 446, 450 (9th Cir. 2013)). Monroy argues that, based on Monroy's prior attack of Perez, a jury could find that Perez acted out of retaliation. But the existence of a prior attack cannot, without more, create an inference that Perez acted with a purpose to harm. *Zion*, 874 F.3d at 1077. And Monroy produces no additional evidence that Perez had an ulterior motive for using force. S*ee Gonzalez v. City of Anaheim,* 747 F.3d 789, 797–98 (9th Cir. 2014) (en banc). Nor was Perez's conduct so "grossly and unreasonably excessive that [the force] alone could evidence a subjective purpose to harm." *Nehad v. Browder,* 929 F.3d 1125, 1140 (9th Cir. 2019). Thus, as to the Fourteenth Amendment claim, we hold that Perez is entitled to qualified immunity.

Accordingly, we AFFIRM denial of summary judgment on the Fourth Amendment claim, and REVERSE denial of summary judgment on the Fourteenth Amendment claim. Each party shall bear its own costs. Fed. R. App. P. 39(a)(4).